IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DOROTHY ANN BURROW,        )
                           )
           Plaintiff,      )
                           )
    v.                     )    1:15CV163
                           )
CAROLYN W. COLVIN,         )
Acting Commissioner of Social )
Security Administration,   )
                           )
           Defendant.      )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Dorothy Ann Burrow, brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Social Security Disability ("SSD") and Supplemental Security Income ("SSI"). The Court has before it the certified administrative record and cross-motions for judgment. For the reasons set forth below, the Court recommends that Defendant's motion (Docket Entry 9) be denied, Plaintiff's motion (Docket Entry 6) granted, and this case be remanded for further proceedings.

## PROCEDURAL HISTORY

Plaintiff filed a Title II application for SSI on February 28, 2011, and SSD on March 14, 2011, alleging disability (Tr. 303-14.)[1] In both applications, Plaintiff alleged disability beginning March 1, 2008. (Tr. 331.) The applications were denied initially and upon

---

[1] Transcript citations refer to the administrative record which was filed with Defendant's Answer. (Docket Entry 4.)

reconsideration. (Tr. 98-99, 134-35.) Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ") which took place on July 18, 2013. (Tr. 41-67.) Present at the hearing were Plaintiff, her attorney and an impartial Vocational Expert ("VE"). (Tr. 41.) On September 9, 2013, the ALJ determined that Plaintiff was not disabled under the Act. (Tr. 17-31.) On December 15, 2014, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision for purposes of review. (Tr. 1-6.) Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

In making this disability determination, the ALJ made the following findings later adopted by the Commissioner:

> 1. The claimant met the insured status requirements of the Social Security Act through December 31, 2012.
>
> 2. The claimant has not engaged in substantial gainful activity since May 28, 2010, the alleged onset date (20 C.F.R. 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. The claimant has the following severe impairments: residuals from pancreatitis, migraine headache, obesity, depression, and anxiety (20 CFR 404.1520(c) and 416.920(c)).
>
> . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that claimant has the residual functional capacity [("RFC")] to perform medium work (i.e. lift 50 pounds occasionally and 25 pounds frequently and sit, stand, and/or walk up to 6 hours each in an 8-hour workday) as defined in 20 CFR 404.1567(c) and 416.967(c) except she could understand and remember very

short instructions; she could not tolerate interaction with the public; she could have occasional interaction with co-workers and supervisors; she must avoid production pace or quota requirements; and work decisions must be commensurate with simple tasks.

. . .

9. Transferability of job skills is not material to the determination of disability because using the Medical Vocational Rules as a framework supports a finding that the claimant is "not disabled" . . . .

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(T. 22-40.)

## II. STANDARD OF REVIEW

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). However "the scope of [the Court's] review of [such a] decision . . . is extremely limited." *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). Even given those limitations, the Court should remand this case for further administrative proceedings. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It "'consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* The denial of benefits will be reversed only if no

reasonable mind could accept the record as adequate to support the determination. *Richardson*, 402 U.S. at 401. The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See id.* at 390; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

Thus, '[a] claimant for disability benefits bears the burden of proving a disability," *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981), and in this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Id.* (quoting 42 U.S.C. § 423(d)(1)(A)). "To regularize the adjudicative process, the Social Security Administration has . . . promulgated . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." *Hall*, 658 F.2d at 364. "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." *Id.* (internal citations omitted).

This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' i.e., currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform [the claimant's] past work or (5) any other work." *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The law concerning these five steps is

4

Case 1:15-cv-00163-NCT-JLW   Document 12   Filed 03/28/16   Page 4 of 14

well-established. *See, e.g., Mastro*, 270 F.3d at 177; *Hall*, 658 F.2d at 264-65; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

### III. DISCUSSION

In pertinent part, Plaintiff argues that the ALJ erred by improperly evaluating Plaintiff's RFC.[2] (Docket Entry 7 at 3-6.) Relying upon *Mascio v. Colvin*, 780 F.2d 632 (4th Cir. 2015), Plaintiff specifically contends that the ALJ failed to account for Plaintiff's moderate limitations in concentration, persistence, and pace because she did not make findings concerning the capacity for sustaining work over time, or the need for breaks and absences. (Docket Entry 7 at 5.)

"At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00; *Hodge v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-14-3619, 2015 WL 5813999, at *1 (D. Md. Sept. 29, 2015). The listing "consists of: (1) a brief statement describing its subject disorder; (2) 'paragraph A criteria,' which consists of a set of medical findings; and (3) 'paragraph B criteria,' which consists of a set of impairment-related functional limitations." 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00(A). Both the paragraph A criteria and the paragraph B criteria must be satisfied for the ALJ to determine that the claimant meets the listed impairment. *Id.*

"Paragraph B consists of four broad functional areas: (1) activities of daily living; (2)

---

[2] Plaintiff asserts two other arguments: (1) the ALJ failed to properly evaluate the opinion evidence under 20 C.F.R. 404.1527, and (2) the ALJ conducted improper credibility determinations. (Docket Entry 7 at 6-12.) The Court declines consideration of the additional issues raised at this time.

5

social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation." *Id.* § 12.00(C); *Martin v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-15-335, 2015 WL 7295593, at *2 (D. Md. Nov. 18, 2015). The ALJ uses a "special technique" to determine the claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ rates a claimant's degree of limitation in the first three areas as either: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4). "In order to satisfy paragraph B, a claimant must exhibit either marked limitations in two of the first three areas, or marked limitation in one of the first three areas with repeated episodes of decompensation." *Hodge*, 2015 WL 5813999, at *2 (citations and quotations omitted); *Martin*, 2015 WL 7295593, at *2. "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C).

Pertinent to the issues in the present case, "[t]he functional area of 'concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings.'" 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00(C)(3); *Hodge*, 2015 WL 5813999, at *2. "[L]imitations in concentration, persistence, and pace found at step three must be accounted for in the RFC assessment." *Taylor v. Colvin*, No. 1:14CV629, 2015 WL 4726906, at *6 (M.D.N.C. Aug. 10, 2015).

6

Plaintiff relies upon *Mascio* in support of her argument that the ALJ failed to properly evaluate her RFC. In *Mascio*, the Fourth Circuit ordered a remand because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Id.* at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (citation omitted). The Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, absent the explanation, remand was necessary. *Id.*

Here, the ALJ concluded that Plaintiff suffered from moderate limitations in concentration, persistence, or pace. (Tr. 23.) In an apparent effort to account for these moderate limitations in the RFC, the ALJ found that Plaintiff "could understand and remember very short instructions; she could not tolerate interaction with the public; she could have occasional interaction with co-workers and supervisors; she must avoid production pace or quota requirements; and work decisions must be commensurate with simple tasks." (Tr. 24.) The ALJ included these limitations in her hypothetical to the VE who concluded that an

7

individual with these limitations could perform work as a cleaner in the medical service industry, a laundry laborer, and a linen room attendant. (Tr. 62-63.) The ALJ adopted these findings at step five. (Tr. 31.) Nonetheless, these limitations did not adequately account for Plaintiff's moderate difficulties in concentration, persistence, or pace. As explained below, remand is warranted in this matter.

The Commissioner urges the Court to find that the restrictions placed on Plaintiff, including the requirement that she should work in a "non-production" environment and the constraints on her social interactions, account for Plaintiff's limitations in concentration, persistence, or pace. (Docket Entry 10 at 12.) Since the Fourth Circuit's ruling in *Mascio*, the North Carolina district courts have, on numerous occasions, found that the additional requirements such as those imposed by the ALJ do not account for moderate limitations in a claimant's ability to maintain concentration, persistence, or pace. *See, e.g., Cummings v. Colvin*, No. 1:14CV465, 2016 WL 792433, at *4 (M.D.N.C. Feb. 26, 2016) (finding that limiting the plaintiff to simple, routine, repetitive tasks in a low stress, non-production environment did not "adequately account for her moderate limitation in concentration, persistence, or pace"); *Scruggs v. Colvin*, No. 3:14–cv–00466–MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) (finding that an ability to perform simple, routine, repetitive tasks in a nonproduction environment, does not address moderate difficulties in concentration, persistence and pace); *Raynor v. Colvin*, No. 5:14–CV–271–BO, 2015 WL 1548996, at *2 (E.D.N.C. Apr. 7, 2015) (remanding where the VE's hypothetical did not pose any limitations related to concentration and persistence when in fact the record indicated limitations in the plaintiff's ability to maintain attention and concentration for extended periods of time); *Hagerdorn v.*

8

*Colvin*, No. 2:12–cv–29–RLV, 2015 WL 4410288, at *4 (W.D.N.C. July 20, 2015) (finding that limitations to simple, routine, and repetitive tasks in a low-production, low-stress work setting, defined as occasional change in job setting or decision making, only accounted for claimant's ability to understand, carry out, and remember instructions, respond appropriately to work situations, and deal with changes in a routine work setting, and did not address his moderate limitations in concentration).

Here, as found in the cases noted above, the limitations provided in the RFC do not adequately address Plaintiff's moderate limitations in concentration, persistence or pace as required by *Mascio*. *See Biddell v. Colvin*, No. 1:15-CV-00080-MOC, 2016 WL 815300, at *5-6 (W.D.N.C. Feb. 29, 2016) (finding that the RFC limiting the plaintiff "to simple, routine, repetitive tasks involving only one to three step instructions, a non-production pace, occasional contact with the public, no intense interaction with supervisors and coworkers, in a setting with no confrontation or brainstorming and dealing with things and not people" did not account for moderate limitations in concentration, persistence, and pace). Plaintiff correctly notes that the ALJ failed to discuss Plaintiff's ability to stay on task for a full workday. (Docket Entry 7 at 4.) The *Mascio* Court was particularly concerned about the ALJ's failure to address the claimant's ability to perform the relevant work-related functions for a full workday. *Mascio*, 780 F.3d at 637-38. Here, neither the RFC nor any hypothetical questions posed to the VE addresses Plaintiff's ability to stay on task requiring the Court "to guess about how the ALJ arrived at h[er] conclusions on [the claimant's] ability to perform relevant functions." *Id.*; *see also* Tr. 24, 61-62.

Additionally, the ALJ did not explain why she did not adequately account for Plaintiff's

9

limitations in concentration, persistence, or pace in her RFC. "[T]he Fourth Circuit noted the possibility that an ALJ could offer an explanation regarding why a claimant's moderate limitation in concentration, persistence, or pace, at step three did not translate into a limitation in the claimant's RFC assessment, such that the apparent discrepancy would not constitute reversible error." *Martin v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-15-335, 2015 WL 7295593, at *3 (D. Md. Nov. 18, 2015); *see also Powell v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-14-3233, 2015 WL 4715280, at *2 (D. Md. Aug. 6, 2015) ( reasoning that "moderate difficulties in concentration, persistence, or pace now triggers a heightened degree of explanation that requires the reviewing court to determine whether an ALJ has adequately accounted for those difficulties in assessing the claimant's RFC"). "The key is that the reviewing Court must be able to discern the rationale underlying the apparent discrepancy" between the findings at step three and the RFC. *Powell*, 2015 WL 4715280, at *2. There should be "a logical bridge[] between the ALJ's conclusion that Plaintiff suffered moderate concentration deficits" and the limitations in the RFC. *Tricia Boyet, v. Comm'r of Soc. Sec. Admin.*, No. 1:14CV762, 2016 WL 614708, at *6 (M.D.N.C. Feb. 16, 2016); *Cummings v. Colvin*, 2016 WL 792433, at *4 (M.D.N.C. Feb. 26, 2016) (concluding that "the record does not appear to provide the 'logical bridge' necessary for this Court to find that the RFC adequately takes into account Plaintiff's moderate difficulties in concentration, persistence, and pace").

Here, the Court is left to guess why Plaintiff's limitations are sufficient to address her moderate limitations in concentration, persistence, or pace. At step three the ALJ stated that Plaintiff's mood, concentration, and energy improved after she underwent opiate detox in 2011. (Tr. 23.) This vague statement does not provide sufficient analysis for the reviewing

10

Case 1:15-cv-00163-NCT-JLW Document 12 Filed 03/28/16 Page 10 of 14

Court to determine whether Plaintiff's limitations in concentration persistence, or pace were adequately addressed in the RFC. Additionally, the ALJ addresses two psychological consultative examinations conducted by Dr. Christopher Ricci. (Tr. 26-27.) These examinations yield different results. In February 2010, Dr. Ricci opined that Plaintiff had "some difficulty" maintaining attention and concentration and maintaining a regular schedule. (Tr. 911.) In July 2011, Dr. Ricci opined that Plaintiff was capable of maintaining attention and concentration but would have difficulty maintaining a regular schedule. (Tr. 1469.) Nevertheless, "it does not follow that [Plaintiff] could sustain attention and concentration for an entire workday." *Hodge*, 2015 WL 5813999, at *2. Dr. Ricci also stated that Plaintiff's concentration was only mildly impaired because she was able to do simple calculations. (Tr. 910.) However, Plaintiff's ability to do simple tasks does not account for her limitations because "the functional area of concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Hodge*, 2015 WL 5813999, at *2 (citation and quotation omitted). The ALJ gives some weight to Dr. Ricci's opinions reasoning that they are "largely consistent with the objective evidence." (Tr. 29.) Some Courts have concluded that limitations in concentration, persistence, and pace not provided in the RFC or to the VE can be accounted for if the ALJ gave great weight to the mental RFC assessments and psychiatric review technique evaluations that support limitations in concentration persistence or pace. *See e.g., Jones v. Colvin*, No. 5:12-CV-00567-FL, 2013 WL 5460197, at *2, 17 (E.D.N.C. Sept. 30, 2013) (concluding that the ALJ properly used his discretion by not providing the VE with his findings of moderate limitations in concentration,

11

persistence, or pace because he gave great weight to assessments and evaluations finding moderate limitations in this area ensuring that the Plaintiff's limitations were properly accounted for). Here, the ALJ only gives Dr. Ricci's opinions some weight. Moreover, the ALJ does not state how she reconciled the varying results of Dr. Ricci's opinions regarding Plaintiff's ability to maintain attention and concentration. Thus, the Court cannot determine how these findings create a logical bridge between the ALJ's determination that Plaintiff suffers from moderate limitations in concentration, persistence, and pace, and her decision not to adequately account for these limitations in the RFC. *Boyet*, 2016 WL 614708, at *6 (concluding that "without further explanation, the ALJ's crediting of the state agency consultants' opinions does not provide a logical bridge, between the ALJ's conclusion that Plaintiff suffered moderate concentration deficits and the ALJ's decision that Plaintiff could perform simple tasks in the work place, without any further concentration-related restriction") (citations and quotations omitted); *Taylor v. Colvin*, No. 1:14CV629, 2015 WL 4726906, at *6 (M.D.N.C. Aug. 10, 2015) (finding that it was unclear how the ALJ reconciled his findings of moderate limitations in concentration, persistence, and pace with the treating psychiatrist finding that the plaintiff's ability to sustain concentration was adequate but slow); *Garcia v. Colvin*, No. 5:14-CV-00842-FL, 2016 WL 319860, at *4 (E.D.N.C. Jan. 4, 2016) *report and recommendation adopted*, No. 5:14-CV-842-FL, 2016 WL 311280 (E.D.N.C. Jan. 25, 2016) (remanding the case where the ALJ found that the plaintiff had moderate difficulties in concentration, persistence, or pace but failed to account for the limitation in the RFC, and failed to explain how the RFC determination reflected the plaintiff's limitations in concentration, persistence, and pace, or why moderate limitations in concentration,

persistence, and pace did not impact the plaintiff's ability to work).

Moreover, two state agency psychologists, Arne Newman, PH.D and Margaret Barham, PH.D., conducted mental assessments of Plaintiff. Dr. Newman found that Plaintiff's ability to maintain attention and concentration for extended periods of time was "not significantly limited." (Tr. 113.) To the contrary, Dr. Barham, found that Plaintiff's ability to maintain attention and concentration was "significantly limited." (Tr. 154.) Although the mental assessments yielded different findings, the ALJ gave both examiners some weight. (Tr. 29.) Similarly, these findings do not create a logical bridge between the ALJ's determination that Plaintiff suffers from moderate limitations in concentration, persistence, and pace, and her decision not to adequately account for these limitations in the RFC. *Boyet*, 2016 WL 614708, at \*6.

Additionally, Nurse Practitioner Sandra Thompson found that Plaintiff had extreme deficiencies in concentration, persistence, or pace, and was markedly limited in maintaining attention and concentration for extended periods of time. (Tr. 2622, 2625.) The ALJ stated that the severity of Ms. Thompson's findings are not supported because they are based largely on Plaintiff's subjective reports. (Tr. 29.) However, the ALJ's analysis of Ms. Thompson's findings and other medical examiners do not explain the deficiencies in the RFC pertaining to concentration, persistence, and pace. The ALJ "should specifically state with sufficient discussion how the RFC determination reflected [Plaintiff's] limitations in concentration, persistence, and pace." *Garcia*, 2016 WL 319860, at \*4. Thus, because the Court cannot determine how limitations in concentration, persistence, and pace were adequately accounted for in the RFC, remand is warranted.

13

On remand the Commissioner should conduct a proper analysis of Plaintiff's limitations in concentration, persistence, or pace in light of the principles articulated in *Mascio*. The Court expresses no opinion regarding whether Plaintiff is ultimately disabled under the Act and the Court declines consideration of the additional issues raised at this time. *Hancock*, 206 F. Supp. 2d at 763-764, n.3 (reasoning that on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo).

## V. CONCLUSION

For these reasons, **IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be **REVERSED**, and that the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). **IT IS FURTHER RECOMMENDED** that the Commissioner be directed to remand the matter to the ALJ for further proceedings consistent with this order. Consequently, to this extent, **IT IS FURTHER RECOMMENDED** that Defendant's Motion for Judgment on the Pleadings (Docket Entry 9) be **DENIED**, and Plaintiff's Motion for Judgment on the Pleadings (Docket Entry 6) be **GRANTED** to the extent remand is requested.

This 28th day of March, 2016.

Joe L. Webster
United States Magistrate Judge

14